UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| BENISE-DOWLING & ASSOCIATES, INC. | ) ) ) | |
| Plaintiff | ) ) | Civil Action No.: _____ |
| v. | ) ) | |
| GLOBAL EMPLOYMENT SOLUTIONS, INC., and DEVLIN PARTNERS, INC., | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND EXPENSES OF LITIGATION**

COMES NOW, BENISE-DOWLING & ASSOCIATES, INC. ("Plaintiff Benise-Dowling"), Plaintiff in the above-named action and files its Complaint for Damages, Injunctive Relief and Expenses of Litigation against Global Employment Solutions, Inc. ("Defendant Global") and Devlin Partners, Inc. ("Defendant Devlin")  as follows:

1

## I.     PARTIES

1.     Plaintiff Benise-Dowling is a corporation registered and transacting business in the State of Georgia with its principal place of business located in DeKalb County, Georgia.

2.     Upon information and belief, Defendant Global is a foreign for profit corporation authorized to transact business in the State of Georgia who may be served by service upon its Registered Agent: Steve Pennington, 300 West Emory, Suite 205, Dalton, Georgia 30720 in Whitfield County, Georgia.

3.     Upon information and belief, Defendant Devlin is a profit corporation authorized to transact business in the State of Georgia who may be served by service upon its Registered Agent upon knowledge of identification.

## II.     JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1964(c), and 28 U.S.C. §1332 and U.S.C. § 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1931(c) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 1965, as Defendants Global and Devlin are found in and transact their affairs in the Northern District of Georgia.

### III. FACTUAL BACKGROUND

6. At all times relevant to this lawsuit, Plaintiff Benise-Dowling operated a business which manufactured powder coating applications for various vendors in their Powder Coating Division.

7. Since the inception of the Powder Coating Division, Plaintiff Benise-Dowling engaged the services of staffing agencies to provide workers.

8. On or about June 5, 2006, Defendant Devlin entered into a Staffing Agreement with Plaintiff Benise-Dowling.

9. Pursuant to the Staffing Agreement, Defendant Devlin provided staffing for all Plaintiff Benise-Dowling temporary positions in their Powder Coating Division.

10. Defendant Devlin's services to Plaintiff Benise-Dowling included, but was not limited to:

   a. Managing all candidates sourcing;

   b. Screening each candidate against job specifications;

   c. Utilizing required background and drug/physical screening;

   d. Managing all interviews of candidates;

   e. Close candidate on the designated rate of pay and review of Plaintiff Benise-Dowling's employee handbook and related policies.

11. Sometime prior to June 10, 2008, Defendant Global purchased Defendant Devlin.

12. On June 10, 2008, Plaintiff Benise-Dowling and Defendant Global executed a Global Employment Staffing Agreement ("Staffing Agreement") that mirrored and continued the staffing services provided by Defendant Devlin.

13. Many of the temporary workers that were assigned through Defendant Devlin continued their assignment in the Powder Coating Division under Defendant Global.

14. In July 2010, Plaintiff Benise-Dowling's Powder Coating Division comprised of over ninety-five percent (95%) temporary workers.

15. These temporary workers were provided by Defendants Global and Delvin.

16. The Powder Coating crew staffed by Defendants Global and Devlin consisted of fifty-five employees which represented eighty percent of the Powder Coating workers.

17. At all time relevant to this lawsuit and sometime prior to July 13, 2009, Defendant Global sold a portion of its staffing service to Selective Staffing.

18.     Upon information and belief, the portion of the staffing service sold by Global to Selective Staffing contained the Staffing Agreement for Plaintiff Benise-Dowling.

19.     Upon information and belief, during the due diligence period following Selective Staffing's purchase of a portion of Defendant Global an audit of the Defendant Global's records was performed by Selective Staffing.

20.     On or about July 13, 2009, Plaintiff Benise-Dowling was notified by Selective Staffing that forty-four workers provided by Defendant Global were illegal workers.

21.     The illegal workers were placed in Plaintiff's Benise-Dowling's Powder Coating Division by Defendants Global and Devlin over the course of a four year period.

22.     The illegal workers comprised of ninety-two percent (92%) of the Powder Coating Division workforce.

23.     The Powder Coating Division had to cease production for a period of two days due to the training of an entire new workforce.

## COUNT 1

## BREACH OF CONTRACT

24. Plaintiff Benise-Dowling realleges and incorporates herein by reference paragraphs 1 through 23 above as if they were restated verbatim.

25. Defendants Global and Devlin had obligations and responsibilities under their respective Staffing Agreements with Plaintiff Benise-Dowling.

26. Defendants Global and Devlin's failure to utilize required background screening and provide suitable employees for the temporary positions assigned to Plaintiff Benise-Dowling was a clear breach of the contractual obligations under their respective Staffing Agreement.

27. As a result of Defendants Global and Devlin's breach of contract, Plaintiff Benise-Dowling sustained compensable and special damages.

28. The damages sustained by Plaintiff Benise-Dowling includes, but is not limited to

    a. Increase in labor costs of temporary staff;

    b. Increase in labor costs associated with upper management involvement in the labor;

    c. Increase in labor costs due to the addition of a shift to address loss time and order completion;

    d. loss caused by Defendant Global;

    e. Loss of materials due to quality control issues;

    f. Rejected product due to quality control issues;

    g. Loss business income from vendors who pulled orders and transferred to other competitors;

    h. Insurance Modification Rate Increase Cost

29. Said damages total approximately $300,700 and are recoverable from Defendants Global and Devlin.

## COUNT 2

## NEGLIGENT SUPERVISION

30. Plaintiff Benise-Dowling realleges and incorporates herein by reference paragraphs 1 through 29 above as if they were restated verbatim.

31. Upon information and belief, all of Defendants Global and Devlin's employees and/or agents received minimal training from Defendants and its agents. Notwithstanding their minimal training, it is clear they were negligently trained and negligently supervised in the performance of their duties.

32. Defendants Global and Devlin's negligence is evidenced by the following particulars:

- failing to train its personnel to adequate screen candidates for employment through its staffing agency:

- failing to properly train and supervise its employees on the proper use of government forms and documents; and

- failing to train and supervise its employees to ensure that their duties are being completed proficiently.

33. As a result of the negligence of the Defendants, Plaintiff sustained damages and seeks compensation from Defendants to recover for said damages.

## COUNT 3

## VIOLATION OF THE FEDERAL AND GEORGIA RACKETEER INFLUENCE AND CORRUPT ORGANIZATION ACT

34. Plaintiff Benise-Dowling realleges and incorporates herein by reference paragraphs 1 through 33 above as if they were restated verbatim.

### Pattern of Racketeering Activity

35. At all times relevant to this lawsuit, Defendants Global and Devlin were engaged in an ongoing pattern of racketeering activity as defined by 18 U.S.C. § 1691 and O.C.G.A. § 16-14-3(8).

36. The Federal and Georgia RICO pattern of racketeering activity engaged in by Defendants Global and Devlin consists of more than two acts of racketeering activity.

37. For purposes of Federal RICO, the racketeering activity includes an open and ongoing pattern of violations of Section 274 of the Immigration and Nationality Act, 8 U.S.C. § 1324(a).

38. Specifically Defendants Global and Devlin has violated and continues to violate 8 U.S.C. § 1324(a)(3)(A), which makes it a federal crime to: "knowingly hire for employment at least 10 individuals with actual knowledge that the individuals are aliens..." during a 12 month period. Defendants Global and Devlin has violated this provision of the Act, including by employing more than 10 aliens, knowing that each such person was (a) smuggled or otherwise brought into the United States in violation of U.S. law; (b) illegally harbored once in the United States; (c) not lawfully admitted to the United States for permanent residence; and/or (d) not authorized for employment in the United States.

39. Defendants Global and Devlin has also violated and continues to violate 8 U.S.C. § 1324(a)(3) (A)(iii), which makes it a federal crime to "conceal, harbor or shield from detection, or attempt to conceal, harbor or shield from detection…" aliens who have entered the U.S. illegally. Defendants Global and

Devlin has violated this provision by (a) knowingly employing illegal aliens to place in employment within its client's factories, warehouses and other facilities in Georgia and/or (b) taking steps to shield those illegal aliens from detection.

40. Each violation of 18 U.S.C. § 1324 also constitutes "racketeering activity" under the Georgia Racketeer Influenced and Corrupt Organizations Act. O.C.G.A. § 16-14-3(9)(A)(xxix).

41. For purposes of both Federal and Georgia RICO, the racketeering activity also includes open and ongoing violations of 18 U.S.C. § 1546(a), including Defendant Global and Devlin's acceptance of identification documents and other documents that authorize employment in the United States that Defendants Global and Devlin knew or had reason to know were not lawfully issued for the bearer's use, were false and/or were obtained by false statements.

42. Defendants Global and Devlin has also violated and continues to violate 18 U.S.C. § 1546(b) by using identification documents that Defendants Global and Devlin knew or had reason to know were false and/or not lawfully issued to the bearer to falsely verify the eligibility of the persons presenting them to work through Defendants Global and Devlin, and recording information from those documents on I-9 forms.

43. Each violation of 18 U.S.C. § 1546 also constitutes "racketeering activity" under the Georgia Racketeer Influenced and Corrupt Organizations Act. O.C.G.A. § 16-14-3(9)(A)(xxix).

44. Plaintiff Benise-Dowling has been injured by reason of Defendant Global and Devlin's violation of O.C.G.A. §16-14-4(a) and is entitled to recover three times the actual damages sustained.

45. Plaintiff Benise-Dowling are also aggrieved persons within the meaning of O.C.G.A. § 16-14-6(b). As a result, Plaintiff Benise-Dowling is entitled to appropriate preliminary and permanent injunctive relief.

46. Pursuant to O.C.G.A. § 16-14-6(a), Plaintiff Benise-Dowling asks the Court to issue appropriate orders and judgment requiring Defendants Global and Devlin to cease its illegal conduct and imposing reasonable restrictions upon Defendant Global and Devlin's future activities sufficient to prohibit future violations of the law.

## COUNT 4

## PUNITIVE DAMAGES

47. Plaintiff Benise-Dowling realleges and incorporates herein by reference paragraphs 1 through 46 above as if they were restated verbatim.

48. Defendants Global and Devlin's actions showed wilful misconduct, malice, fraud, wantonness, oppression and an entire want of care that raises the presumption of conscious indifference to consequences.

49. With respect to their actions described hereinabove, the Defendants acted with the specific intent to cause harm to Plaintiff Benise-Dowling.

50. Due to the Defendants' actions, they are liable to Plaintiff Benise-Dowling for punitive damages in an amount to be determined at trial, which shall be sufficient to deter, penalize, or punish Defendants in light of the circumstances of the case.

## COUNT 5

## EXPENSES OF LITIGATION

51. Plaintiff Benise-Dowling realleges and incorporates herein by reference paragraphs 1 through 50 above as if they were restated verbatim.

52. With respect to their actions described above, the Defendants have acted in bad faith, stubbornly litigious and have caused Plaintiff Benise-Dowling unnecessary trouble and expense.

53. Accordingly, Plaintiff Benise-Dowling is entitled to an award of its expenses of litigation, including, but not limited to, its reasonable attorneys' fees, costs of investigation and litigation.

WHEREFORE Plaintiff Benise Dowling demands judgment and other relief as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That the Court award and enter a judgment in favor of Plaintiff Benise-Dowling and against Defendants for compensatory and special damages in an amount to be proven at trial;

c. That the judgment equal to three times the actual damages sustained pursuant to federal law and O.C.G.A. § 16-14-6(c) and ;

e. That the Court award and enter a judgment for attorney fees in the trial and costs of investigation and litigation reasonably incurred, pursuant to federal law and O.C.G.A. § 16-14-6(c) and ;

f. Appropriate orders and judgments prohibiting Defendants from engaging in the violations of law alleged herein, pursuant to O.C.G.A. §§ 16-14-4(a) and (b)

g. That Plaintiff Benise-Dowling have a trial by a jury as to all issues; and,

  h.  That Plaintiff Benise-Dowling have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of <u>May</u>, 2011.

          <u>  s/STEPHANIE R. LINDSEY  </u>
          STEPHANIE R. LINDSEY
          Georgia Bar No. 453070
          Attorney for Plaintiff Benise-Dowling

THE LINDSEY FIRM, P.C.
1182-B Washington St.
Covington, Georgia   30014
Phone: (404) 373-3989
Fax: (404) 373-3990
Email: srlindsey@thelindseyfirm.com